IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN SILVER,

        Plaintiff,

v.

TED KULONGOSKI; NATIONAL
REPUBLICAN PARTY

        Defendants.

Civ. No.10-1241-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dan Silver ("Silver") brings suit against two defendants, former Oregon Governor Ted Kulongoski[1] ("Kulongoski") and the National Republican Party ("the NRP"). As Kulongoski

---

[1] Kulongoski notes, and the court recognizes, that Silver misspells his name in the Complaint as "Kulongooski" and the docket misspells Defendant as "Kulongowski." The court will refer to

FINDINGS & RECOMMENDATION        1        {JAP}

notes, the NRP is not an identifiable entity and there is no evidence any entity so-named has ever been served. In his pro se complaint, Silver alleged claims of an indeterminate nature. Kulongoski now moves to dismiss Silver's claims for inadequate service and for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(5) and (6). In the alternative, Kulongoski requests that the court dismiss the claims and require Silver plead a more definitive statement, pursuant to Rule 12(e). Silver opposes the motion and himself moves for an oral hearing on this motion, which motion Kulongoski opposes.

After a review of the record in this case, the court concludes that Silver has failed to state claims upon which relief may be granted. In the absence of cognizable claims, the court declines to consider the issue of service. As such, Silver's claims should be dismissed and this dismissal should be with prejudice in light of Silver's continued failures to comply with this court's orders and Silver's inability to cure the deficiencies in pleading his unidentifiable claims. Silver's own motion for oral hearing should similarly be denied

*Procedural History*

Silver filed his original complaint against Kulongoski and the NRP on October 12, 2010. On November 9, 2010, Silver filed a motion to dismiss the complaint because of a procedural error, namely to dismiss Kulongoski and the NRP as parties and instead name the State of Oregon as a defendant. The court interpreted the motion as one for leave to amend the complaint, and gave Silver thirty days to file an amended complaint. Silver did not file an amended complaint and, on January 26, 2011, the court issued an Order to Show Cause. The order directed Silver to explain in writing why he had not yet filed and served an amended complaint. Silver responded on February

---

Defendant by the correct spelling of his name, Kulongoski.

FINDINGS & RECOMMENDATION           2           {JAP}

4, 2011, stating that he felt that his case had merit, that this court had jurisdiction, and that he was in compliance with the statute of limitations. (Docket #8 at 1.) Silver also explained that his claims arose from time spent at the Oregon State Hospital and that the federal government should employ him to "help manage The Department of Health and Human Services" or to assist the NRP. (Docket #8 at 2.) Silver subsequently filed a motion for an extension of time to file an amended complaint and a motion for appointment of pro bono counsel. The court granted both motions during a Rule 16 conference held on March 2, 2011. On April 5, 2011, the court appointed pro bono counsel for the limited purpose of investigating Silver's claims and defenses. This appointment was terminated on May 20, 2011, after the appointed counsel "completed a review of Mr. Silver's claims and provided him with a written report and recommendation[.]" (Docket #15.)

On September 27, 2011, Silver still had failed to file and serve an amended complaint pursuant to the court's January 26, 2011, order, and the court again ordered him to show good cause why he had not complied with that order. Again, Silver failed to timely respond. The court issued yet another order to show cause on November 9, 2011. Silver finally responded on December 13, 2011, but this effort was unresponsive at best and incoherent at worst. Silver also attempted to deliver a summons to Kulongoski and the NRP via certified mail in January 2012, but service was never completed. At Silver's request, the court set two scheduling conferences, but Silver failed to appear at either conference, though in a later filing Silver claimed that he was unable to attend due to unspecified "circumstances."[2]  On July 13, 2012, Silver again requested an oral hearing, which request will be addressed in this disposition as well as Kulongoski's motion to dismiss.

---

[2] On August 28, 2012, Silver filed a reply (#43) in conjunction with the motion for oral hearing wherein he gave reasons for his failure to appear at the scheduled hearings. These reasons are neither specific nor persuasive and do not impact the court's analysis.

*Legal Standards*

Under the Federal Rules of Civil Procedure, the plaintiff must present a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(2)(a). Detailed allegations of fact are not required, but the pleading must contain more than mere conjecture and elements of a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). In order to survive a motion to dismiss, the complaint must be "plausible on its face." *Id.* at 570.

The United States Supreme Court clarified the standard of a well-pleaded complaint in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"). In *Iqbal*, the Court identified two principles that had informed the decision in *Twombly*. The first was that, although the court must assume true all facts asserted in a pleading, it need not accept as true any legal conclusions set forth in a pleading. The second principle requires that the complaint set forth a plausible claim for relief and not merely a possible claim for relief. The Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007)). In conclusion, the Court wrote: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

*Discussion*

I. <u>Failure to State a Claim</u>

The court notes, first, that Silver never filed an amended complaint and the court will thus

analyze his original complaint and subsequent filings to the extent they appear to constitute allegations.

Pleading standards are relaxed for pro se plaintiffs. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). When the plaintiff is pro se in civil cases, the court liberally construes the pleading and affords the pro se litigant any reasonable doubt. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although pleading standards are relaxed, pro se litigants are still required to plead "plausible" claims to survive a motion to dismiss. *Johnson v. Lucent Techs., Inc.*, No. 09-55203, 2011 U.S. App. LEXIS 17520, at *24-25 (9th Cir. Aug. 19, 2011).

Even the most generous reading of Silver's original complaint fails to disclose a cognizable claim against Kulongoski or the nonexistent NRP. The face of the complaint states, in its entirety, "Money Capital mismanagement," "Fraud," "Oregon," "Freedom from medical abuse," and "Employment Election nominee." (Docket #2.) Having failed to amend his complaint and in response to an order to show cause, Silver next asserted that his claims arose from time spent at the Oregon State Hospital, though the document was otherwise bereft of factual development or other elucidation of Silver's claim or claims. In response to yet another order to show cause, Silver hand wrote on a copy of the order itself various incoherent statements about an inability to find "a ranking member," a purported "shift," and his desire to be on a grand jury. In a document filed shortly after the present motion to dismiss was filed, Silver asked the court to convene a discovery conference and referenced the joinder of an adverse party and his desire for any information related to the nomination of a Republican house member. Silver next filed a document urging the court to "enact [the] constitution," and went on to quote the portion of the Constitution that describes the process by which the President is selected by electors, or Article II, Section I. The balance of the document

invokes the 11th Amendment and the rights of the State of Oregon and numerous other legal and political terms and issues, but in a manner that is wholly incoherent and from which the court could not genuinely interpret a claim under the most liberal reading possible.

As the above recitation demonstrates, even a liberal reading of the complaint and all other documents filed by Silver fails to reveal a cause of action. Silver not only fails to meet the standard of *Twombly* and its progeny in failing to provide factual allegations in support of legal claims, he fails to allege even a bare legal claim. For this reason, Silver's claim or claims should be dismissed.

IV.     No Leave to Amend

The court must evaluate whether Silver should be permitted to amend his complaint. In light of Silver's inability to cure the pleading deficiencies, as well as the procedural history of this case, Silver should not be granted such leave. First, dismissal without leave to amend is appropriate when the complaint cannot be cured by additional facts. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). Furthermore, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1995) (internal citations omitted). Here, Silver's myriad filings fail to articulate a single claim for relief and are unquestionably frivolous. Second, it would be a misuse of judicial resources to continue the case where it is wholly without merit and the plaintiff fails to observe court orders. Silver has repeatedly demonstrated his inability to remedy the vast deficiencies in his pleadings and has repeatedly disregarded court orders allowing him multiple opportunities to cure his pleading deficiencies. The court has the ability to grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). However, in this case, justice does not require that Silver be given an additional opportunity to amend or, consequently, an additional hearing.

*Conclusion*

For the reasons above, Kulongoski's motion to dismiss (#30) should be GRANTED with prejudice and without leave to amend. Silver's request for a hearing (#41), should likewise be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 20, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of September, 2012.

JOHN V. ACOSTA
United States Magistrate Judge